Andre DERRINGTON, Appellant,

v.

UNITED STATES, Appellee.

Nos. 80–166, 82–1155.

District of Columbia Court of Appeals.
Argued March 27, 1984.
Decided February 21, 1985.
Opinion May 30, 1986.

James Klein, Public Defender Service, Washington, D.C., was on the motion, for appellant.

Joseph E. diGenova, U.S. Atty., and Michael W. Farrell, Asst. U.S. Atty., Washington, D.C., for appellee.

Before PRYOR, Chief Judge, NEBEKER and ROGERS, Associate Judges.

PER CURIAM:

Counsel for appellant has requested this court "to recall its mandate and reissue its order denying the petition for rehearing en banc" in order to begin again the running of the time to file a petition for writ of certiorari in the Supreme Court of the United States. The reason for the requested relief is that counsel felt he may have read too much into Derrington's silence when counsel sent a letter advising Derrington that his petition for rehearing or rehearing en banc had been denied. In order to know precisely what was said in that letter and thus to be able to make a judgment respecting whether counsel was at fault, this court asked counsel to supply a copy of his letter to Derrington. While that letter did advise Derrington of the fact that counsel or successor counsel would write the certiorari petition, it also explicitly informed Derrington that, "In order to do so [file the petition], you must fill out an in forma pauperis affidavit." The letter further instructed Derrington to "complete it [the affidavit] and sign it in the presence of a notary, then return it to [counsel]. You should do so immediately, although we have 60 days to file the petition."

This request to recall mandate is not one that appropriately goes, in the first instance, to the en banc court. The time period for filing a petition for certiorari runs from the date of the denial of rehearing. S.Ct. Rule 20.4. Here that date was simultaneous with the en banc denial, Octo-

ber 4, 1985. Accordingly, it is the merits division's responsibility initially to decide whether its mandate should be recalled.

It is arguable that counsel's motion is predicated upon a denial of due process in that Derrington did not receive adequate assistance of counsel. *Evitts v. Lucy,* —— U.S. ——, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985). It is also arguable that counsel was simply asking this court to recall its mandate as a matter of discretion. On either basis, we deny the motion. *See Watson v. United States,* 508 A.2d 75 (D.C.1986). Counsel's advice was certainly far from "deficient." Indeed, it was correct. It clearly and unequivocally informed Derrington that a condition precedent to the filing of the petition was his execution and return of the affidavit. Having failed to do that, he cannot now justify a recall of the mandate in order to permit the filing of a petition in the Supreme Court. The motion to recall mandate is denied.

*So ordered.*